IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINWOOD BRANT, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 04-1584 |
| | ) Judge Joy Flowers Conti/ |
| | ) Magistrate Judge Francis |
| | ) X. Caiazza |
| WEXFORD HEALTH CARE SERVICE, et al | ) |
| Defendants | ) Doc. Nos. 50, 52 & 53 |

**MEMORANDUM ORDER**

Currently pending before the court are three motions filed by the Plaintiff Linwood Brant ("Brant"), who filed this civil rights action against ten defendants, five of whom are apparently independent contractors. The remaining five defendants have already waived service. These five defendants are all apparently employees of the Department of Corrections ("DOC") and are represented by the Pennsylvania Attorney General's Office.

The three motions filed by Plaintiff are as follows: 1) a motion seeking a continuance under Fed.R.Civ.P. 56(f), requesting an extension of time in which to conduct discovery (Doc. 53); 2) a motion which asks the court to direct the Attorney General's office to use an "Attorney Control Number" on correspondence and filings (Doc. 50); and 3) a motion requesting that the Plaintiff be permitted to send written correspondence to an inmate at

1

another DOC prison (Doc. 52).

In his motion for an extension of time, Brant complains that he has not received his medical records. He also complains that he has not been able to communicate with one of his witnesses, who is an inmate at a another DOC prison. The DOC defendants filed a response and they do not oppose a continuance. They claim, however, that the Plaintiff's medical records have been forwarded to Diane Thomas ("Thomas"), who is the Superintendent's Assistant at Brant's place of incarceration. Brant has been advised that he can access his medical records by contacting Thomas.

Given that Plaintiff's request for an extension of time is unopposed, his Motion for Continuance, is **GRANTED.** Discovery is extended until January 31, 2006.

Next, Brant has requested this court to enter an order compelling the Attorney General's office to use an "Attorney Control Number" on all their correspondence. Doc. 50. The Plaintiff complains that he is not receiving items claimed to have been sent to him. The DOC defendants respond by saying that the Attorney Control Number is intended only to "ensure confidentiality of legal documents prepared by attorneys who represent inmates." Doc. 60 at ¶ 8. The court agrees. See DC-

ADM 803 VI.B.2.b.(2)(a).[1]  Accordingly, Plaintiff's Motion seeking an order compelling the Attorney General's Office to use an Attorney Control Number is hereby **DENIED**.

Finally, Brant requests an order from this court directing institutional personnel  -who are not defendants in this suit- to permit him to correspond with a potential witness  who is incarcerated at another state facility. First, DOC regulations generally forbid correspondence between inmates. See DOC ADM-803 VIA.3.(a)[2]  Although there is an exception to the rule, the

---

1   DC-ADM 803 VI.B.2.b.(2)(a) provides that:

>   A letter from an attorney shall request a control number and shall include the attorney's name, address, telephone and facsimile numbers as well as his/her state attorney identification number. The letter shall also contain verification subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities that all mail he/she sends to an inmate using the control number shall contain only essential, confidential, attorney-client communication and shall contain no contraband.

See Doc. 61-2, Attach. 2, DC-ADM VI.B.2.b.(2)(a).

2.   DC ADM-803 VI.A.3.(a) provides that:

>   An inmate may not:
>
>   a. correspond with another inmate, former inmate, parolee, probationer, codefendant, or victim(s) of the inmate's criminal acts except with the written approval of the Facility Manager. The Office of the Victim Advocate will provide verification that an individual is a victim of the inmate's criminal acts, at the request of the Facility Manager;

See Doc. 61-2, Attach. 2, DC-ADM 803 VI.A.3.(a)

3

Plaintiff has not initiated the applicable process.[3]

Consequently, the Plaintiff's motion for an order directing SCI-Greene and SCI-Somerset officials to permit Plaintiff to correspond with an inmate witness incarcerated in another state institution is **DENIED,** without prejudice. In any future motions the Plaintiff must set out the reasons which support his need to communicate with an inmate housed in another facility.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

*/s/ Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

Dated:

cc:   The Honorable Joy Flowers Conti
      United States District Judge

      Linwood Brant
      ET-2108
      SCI Greene

---

3. The Plaintiff must seek permission not only from the Facility Manager at SCI-Greene, where he is incarcerated but also from the Facility Manager at SCI-Somerset, where the Plaintiff's inmate witness is apparently located.

175 Progress Drive
Waynesburg, PA 15370

Rodney M. Torbic
Office of the Attorney General
6th Floor Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219

Mary Friedline
Office of the Attorney General
6th Floor Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219