```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LINWOOD BRANT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-1584 |
| ) | |
| v. ) | Judge Flowers Conti |
| ) | Magistrate Judge Caiazza |
| ) | |
| WEXFORD HEALTH CARE SERVICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

While Linwood Brant("Brant" or "the Plaintiff") was an inmate at the State Correctional Institution at Pittsburgh("SCI-Pittsburgh"), he received medical treatment for a fractured finger. Dissatisfied with this treatment, Brant filed federal and state claims against five employees of the Department of Corrections and five independent contractors ("the independent contractor defendants") responsible for delivering health care services to SCI-Pittsburgh inmates.[1] In their pending Motion for Summary Judgment, the independent contractor defendants argue that they are entitled to judgment as a matter of law on each of the outstanding claims[2] because Brant failed to exhaust his

---

[1]  One of these defendants was never served.

[2]  A number of claims made against these Defendants were resolved by the District Court's disposition of a prior Motion for Summary Judgment.(Doc. 120). The Plaintiff's equal protection claims, federal statutory claims brought pursuant to 42 U.S.C. Sections 1985 and 1986, and the state tort claim survive.

administrative remedies as required by statute.[3] It is respectfully recommended that this Motion be denied without prejudice to the Defendants' right to file a Motion for Summary Judgment addressing the merits of the claims against them.

## II. REPORT

### A. BACKGROUND

The Consolidated Inmate Grievance Review System put in place by the Department of Corrections to handle prisoner complaints uses a three-tiered system of review. DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing within five (5) working days to the Facility Manager; and a final written appeal may be presented within five (5) working days to the Secretary's Office of Inmate Grievances and Appeals. See Berry v. Klem, No. 4:CV-05-1997, 2006 WL 1548865 * 2 (M.D. Pa. June 1, 2006).

It is undisputed that Brant filed a grievance relating to his medical care on May 21, 2003. Upon initial review it was determined that Brant's grievance lacked merit. This decision was affirmed on administrative appeal. Attempting to pursue his grievance to the third and final level of review, Brant mailed a

---

[3] The Prison Litigation Reform Act, 42 U.S.C. Section 1977e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C.1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

letter to the Secretary's Office, but neglected to enclose documentation required by review system procedure.[4]

In an affidavit filed in support of his opposition to the Defendants' Motion for Summary Judgment, Brant alleges that upon learning that his request for review was incomplete, he secured copies of the required documents, inserted them in an envelope with a cover letter along with a resubmission of his appeal; he claims that on July 23, 2003, he placed the envelope in the mail box available to prisoners on his unit. Brandt claims that these items were never returned to him as undeliverable. The Plaintiff has produced what he identifies as a copy of the cover letter showing that the required documents were, in fact, sent. The cover letter does not, however, show the address to which the supplemental materials were mailed, nor does it identify the documents enclosed.

In support of their motion, the independent contractor defendants have submitted two affidavits from personnel involved in the processing of inmate grievances. One of these affidavits details the mailing options available to SCI-Pittsburgh inmates, and the processing of grievances once they are received. A second states that Brant's grievance file was searched after he claimed to have sent the cover letter and required documents; these items were not in his file. This indicated to the affiant that the documents were not sent or were never received. On the basis of

---

[4]  Pursuant to DC-Adm. 804-D, an appeal to the Secretary's Office of Inmate Appeals and Grievances must include photocopies of the initial grievance, initial review, initial review response, appeal to the Superintendent, and the Superintendent's decision. Failure to include said documentation may result in dismissal of the appeal. See Eakle v. Palakovich, No.06-2803, 2006 WL 2917531 (3d Cir. Oct. 12, 2006).

these affidavits, the independent contractor defendants argue that Brant's grievance alleging deficiencies in his medical treatment did not receive final administrative review, and, as a result, they are entitled to summary judgment on all claims stemming from that treatment.

Brant responds by contending that he did all that he could have done to perfect his administrative appeal, and the fact that the documents he sent were never located or considered is the result of a breakdown in SCI -Pittsburgh's mail or in its grievance processing, and should not be attributed to him.

### B. **DISCUSSION**

Exhaustion of administrative remedies is an affirmative defense that places the burden of proof on the independent contractor defendants. Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002). The court recognizes that whether these defendants have met their burden is a close question. It finds, nonetheless, that the presumption of proper mailing raised by Brant's affidavit was not overcome  - even by the independent contractor defendants' affidavits describing the routine handling of mail and grievances, as well as the absence of relevant material in Brant's file. See In re Cendant Corp. Prides Litigation, 311 F.3d 298 (3d Cir. 2002) (discussing presumption). The court adheres to the general rule that:

> [E]vidence of nonreceipt of mail matter does not nullify the presumption, even though it consists of the addressee's positive denial of receipt, but [instead] creates an issue of fact for the jury, or for the court sitting without a jury, with such weight given to the presumption as the trier of fact thinks it is entitled to . . . .

-4-

31A C.J.S. Evidence § 156.

### III. CONCLUSION

Because the record presents a genuine issue of material fact with respect to Brant's exhaustion of administrative remedies, the pending Motion for Summary Judgment should be denied. This denial does not preclude the independent contractor defendants' from seeking summary judgment with respect to the merits of the outstanding claims.

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

January 5, 2007

                                         /s/ Francis X. Caiazza
                                         Francis X. Caiazza
                                         United States Magistrate Judge

cc:   The Honorable Joy Flowers Conti
       United States District Judge

       Linwood Brant
       ET-2108
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370

       Counsel of Record
       Via electronic mail