IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINWOOD BRANT,             )
                         )
       Plaintiff,    )   Civil Action No. 04-1584
                         )
       v.            )   Judge Flowers-Conti
                         )   Magistrate Judge Caiazza
WEXFORD HEALTH CARE SERVICES, )
*et al.*,                )
                         )
       Defendants.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Flores, Gehl, McDonough and Wexford Health Care Sources, Inc. (the "Moving Defendants") (Doc. 134) be granted, and that this action be dismissed as to Defendant Dr. Ron Capozzi because he has not been served with process.

### II. REPORT

Linwood Brant ("Brant" or "the Plaintiff"), filed this pro se civil rights action essentially alleging that he was not provided with proper medical treatment for a fractured finger. Summary judgment has already been entered in favor of several other Defendants. The remaining Defendants are Dr. Concepto Flores, Dr. Richard Gehl, Thomas McDonough, Wexford Health Sources, Inc and Dr. Ron Capozzi, who have all filed a Motion for Summary Judgment -with the exception of Dr. Capozzi. He has not been served with process. Brandt was directed to respond to the

Defendants' Motion for Summary Judgment, but has failed to reply.

**A.    The Legal Standard**

Brant's burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial* . . . or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(emphasis added, internal quotations omitted).

**B.    The Analysis**

The claims remaining in this case are these: (1) an equal protection claim; (2) claims for conspiracy under 42 U.S.C. §§ 1985 and 1986; and (3) a state law claim of intentional infliction of emotional distress. They will be addressed in turn.

1. The Equal Protection Claim.

The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must show that: (1) the complaining person, compared with others similarly situated, was selectively treated; (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion; and (3) the defendant

-2-

was motivated by an intent to punish or inhibit the exercise of
the constitutional rights of a complaining party, or by a
malicious or bad faith intent to injure the complaining party.
Homan v. City of Reading, 963 F. Supp. 485, 490 (E.D. Pa. 1997)
(citing Zahra v. Town of Southold, 48 F.3d 974 (2d Cir. 1995));
see also Government of the Virgin Islands v. Harrigan, 791 F.2d
34 (3d Cir. 1986). With respect to this action, there are no
allegations claiming that race played a part in the Moving
Defendants' treatment of the Plaintiff. Furthermore, Brandt has
not presented any evidence showing that race played a part in the
Defendants treatment of his finger, or that any other similarly
situated prisoner was treated differently. Summary judgment,
therefore, is appropriate with respect to the Moving Defendants.
Hedrich v. Board of Regents of University of Wisconsin System,
274 F.3d 1174, 1183 (7th Cir. 2001).

     2. Count II- the Conspiracy Claim.

     The essential elements of a Section 1985 claim are these:
(1) a conspiracy; (2) motivated by racial or class-based
discriminatory animus; (3) an act in furtherance of the
conspiracy; and (4) an injury to a person or a deprivation of any
right or privilege. Lake v. Arnold, 112 F.3d 682, 685 (3d
Cir.1997). To state a claim of conspiracy pursuant to 42 U.S.C. §
1985(3), a plaintiff must allege that "racial, or otherwise
class-based, invidiously discriminatory animus lay behind the

                              -3-

defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 200 Fed. Appx. 163, 165 (3d Cir. 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102,(1971). "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir.1992). It is imperative, therefore, for Brant to "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott, 200 Fed.Appx. at 165 (citing Forbes v. Reno, 893 F.Supp. 476, 483 (W.D.Pa.1995), aff'd, 91 F.3d 123 (3d Cir.1996)) (table).

Here, Brant's allegations of conspiracy are conclusory only. Furthermore, he makes no allegation that the Moving Defendants' acts were motivated because of his race. Finally, having been given the opportunity, he has failed to present evidence supporting his claim. In sum, the sparse allegations set out by Brant fail to properly support a conspiracy claim. See e.g., Parrott, 200 Fed. Appx. at 163 (allegations that defendants conspired to delay a habeas petition until its denial are too conclusory); Carpenter v. Ashby, 2007 WL 210438, *2 (E. D. Pa. January 25, 2007)(allegation that title company conspired with municipality to produce fraudulent deed not sufficient to state Section 1985 claim, absent facts from which conspiratorial

-4-

agreement could be inferred).

The Moving Defendants also seek dismissal of the Plaintiff's Section 1986 claim. Because Brant's Section 1986 action is derivative of a Section 1985 claim, it fails because he has not established a conspiracy. <u>Clark v. Clabaugh</u>, 20 F.3d 1290, 1295 n.5 (3d Cir.1994).

3.    <u>The State Law Claim</u>.

Finally, Brandt claims that the Moving Defendants intentionally inflicted emotional distress because of their failure to properly treat his finger. The Pennsylvania Supreme Court has not recognized the tort of intentional infliction of emotional distress. But the Pennsylvania Superior Court and the Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would adopt the Restatement (Second) of Torts § 46, which provides: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." <u>Clark v. Township of Falls</u>, 890 F.2d 611, 622-23 (3d Cir.1989). That said, outrageous or extreme conduct is behavior that exceeds "all possible bounds of decency, and [is] utterly intolerable in [a] civilized society." <u>Cox v. Keystone Carbon Co.</u>, 861 F.2d 390, 395 (3d Cir .1988); <u>Swisher v. Pitz</u>, 868 A.2d 1228, 1230 (Pa.Super.2005) (internal citation omitted). In addition, severe emotional distress must be "supported by

-5-

competent medical evidence." <u>Kazatsky v. King David Memorial</u>
<u>Park, Inc.</u>, 515 Pa. 183, 527 A.2d 988 (1987). Here, at best, the
Plaintiff has alleged that the Defendants acted negligently
because they failed to provide him with proper medical care for
his injured finger. Besides failing to support his claim with
medical evidence, Brandt's claim falls far short from an
evidentiary perspective.

    4.   <u>Defendant Dr. Capozzi</u>.

Under Federal Rule of Civil Procedure 4(m), service must be
made upon a Defendant within 120 days after the filing of a
Complaint. The Complaint in this action was filed on October 15,
2004, and an Amended Complaint was filed on November 10, 2005.
Defendant Capozzi has never been served. Because of the
Plaintiff's failure to effectuate service, this case should be
dismissed with respect to Defendant Capozzi, without prejudice,
pursuant to Federal Rule of Civil Procedure 4(m).

### III. **CONCLUSION**

For the reasons set out in this Report and Recommendation,
it is respectfully recommended that the Motion for Summary
Judgment filed by Defendants Flores, Gehl, McDonough and Wexford
Health Care Sources, Inc. (Doc. 134) be granted, and that this
action be dismissed as to Defendant Doctor Ron Capozzi, without
prejudice pursuant to Rule 4(m) since he has not been served with

-6-

process.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 5, 2007.

June 19, 2007

Francis X. Caiazza
United States Magistrate Judge

cc:
LINWOOD BRANT
ET-2108
SCI Coal Township
1 Kelley Dr.
Coal Township, PA 17866